**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALISON FRIEND,<br><br>        Plaintiff,<br><br>  v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 1:25-cv-04313<br><br>**Honorable Lindsay C. Jenkins**<br><br>**Magistrate Maria Valdez** |

## DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT AND DISMISS

**NOW COMES** Defendants, Does 48, 50, 51, 52, 53, 54, 55, 97, 106, 110, 117, 119, 138, 139, 151, 159, 163, 193 and 197, Schedule A, by counsel, Zhonghao Law Firm, LLP, and hereby request that this Court to set aside an entry of the Default Judgment entered against Defendants and dismiss Plaintiff's claims against Defendants for the reasons set forth herein or, in the alternative, allow Defendants to file an answer or responsive pleading to Plaintiff's Amended Complaint.

  **I.**  **BACKGROUND AND PROCEDURAL HISTORY**

Defendants are 19 Temu seller accounts owned by Fu Zhou Hai Yi Tong E-Commerce Co., Ltd., a company registered in Fujian Province, China. Zhang Decl. ¶ 2. The company maintains multiple storefronts on the Temu platform. On April 21, 2025, Plaintiff Alison Friend initiated

this action alleging intellectual property infringement against multiple defendants. Plaintiff filed a motion for preliminary injunction on May 9, 2025, which the Court granted on May 15, 2025.

According to Defendants' business model, they list products and links first to test market interest before stocking actual products for shipment. In January 2025, Defendants tested the allegedly infringing product on their 19 Temu stores, but received no orders. Zhang Decl. ¶ 4. On June 12, 2025, attorney Quancheng Cheng observed San Zhang access all 19 seller accounts on the Temu Seller Central platform and verified that each account had sold 0 items of the accused product and generated $0 in sales. Cheng Decl. ¶¶ 4-5.

Defendants first became aware of this legal action on May 20, 2025, when they attempted to withdraw funds from their Temu accounts but discovered the accounts had been frozen by court order. Zhang Decl. ¶ 5. Before this discovery, Defendants had missed Plaintiff's email service because they had not been actively managing the product listings at issue, as their business model focuses attention only on products that generate orders, and the allegedly infringing products had received zero orders. Zhang Decl. ¶ 4. Upon learning of the legal proceedings, Defendants immediately retained legal counsel and attempted settlement negotiations with Plaintiff, but found Plaintiff's settlement demands to be prohibitively expensive. Id. at ¶ 6."

On June 2, 2025, Plaintiff filed a motion for default judgment against multiple defendants, which the Court granted on June 11, 2025. Defendants contend this is their first experience with an intellectual property dispute and disagree with any characterization of willful infringement or the imposition of treble damages. Id.¶ 9. Defendants also maintain that they have no presence or business operations in Illinois - they have never maintained any physical presence in the state, have never been subject to Illinois taxation, and have never had employees, agents, or contractors in Illinois. *Id.* at ¶ 7.

## II.    ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Relief from a final judgment may be granted pursuant to Rule 60(b) under exceptional circumstances, and courts have characterized the district court's considerable latitude in making its decision as `discretion piled on discretion.'" *Chapter 5 Corp. v. Partnerships and Unincorporated Associations Identified on Schedule A*, 2021 WL 1906461, at *1 (N.D. Ill. May 12, 2021). "To succeed in the vacation of a default order under Rule 55(c), the defendant must show (1) good causes for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Arwa Chiropractic, P. C. v. Med-Care Diabetic & Medical Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020) (internal quotations omitted). "`The same requirements, although more strictly applied, must be met to set aside a default judgment under Rule 60(b).'" Id. (quoting *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993)). The 7th Circuit has held that good cause can include reasons such as attorney carelessness, internal process failures, or emergencies that prevented timely response. *Tate v. Riverboat Servs*. 305 F. Supp. 2d 916 (7th Cir. 2004), *FEC v. Salvi*, 205 F.3d 1015 (7th Cir. 2000).

The Seventh Circuit has a "well-established policy favoring a trial on the merits over a default judgment." *Gersbacher v. Larsen*, 1991 WL 18425, at *1 (N.D. Ill. Feb. 5, 1991). Federal Rule of Civil Procedure 60 provides that the Court may vacate a default judgment due to reasons of "mistake, inadvertence, surprise, or excusable neglect" so long as such relief is requested sooner than one (1) year after the entry of the judgment. Fed. R. Civ. P. 60(b)(1) and 60(c)(1).

Alternatively, the Court may vacate a default judgment where the judgment is void. Fed. R. Civ. P. 60(b)(4). *Bally Exp. Corp. v. Balicar Ltd.*, 1985 WL 2006, at *1 (N.D. Ill. July 3, 1985). The Court may also vacate a default judgment for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(6). While the grant of relief under Rule 60(b) is generally an extraordinary remedy, where a judgment is void, the Court has a non-discretionary duty to grant relief therefrom, irrespective of any delay on the part of the defendant. *Id.*, *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857 (7th Cir. 2011), citing *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 808 (7th Cir. 1969).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) "tests whether a federal court has personal jurisdiction over a defendant." *United Airlines, Inc. v. Zaman*, 152 F.Supp.3d 1041, 1045 (N.D. Ill. 2015). The defendant "submits affidavits or other evidence in opposition, 'the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.'" *ABN AMRO, Inc. v. Capital Int'l Ltd., 595 F.Supp.2d 805, 818* (N.D. Ill. 2008) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 787* (7th Cir. 2003)). If the plaintiff fails to refute a fact contained in the defendant's affidavit, the Court accepts that fact as true. *Id.*

### B. The Default Judgment Must be Set Aside for Lack of Personal Jurisdiction

#### 1. Defendant is Not Subject to General Jurisdiction in Illinois

General jurisdiction requires a foreign corporation defendant to "have affiliations with the [forum] State [which] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 749 (2014). General jurisdiction over the Defendant will exist only where their affiliation with Illinois is "so constant and pervasive as to render it essentially at home" here. This is a fairly high standard requiring a

4

great amount of contacts. *Jamik, Inc. v. Days Inn of Mount Laurel*, 74 F. Supp. 2d 818, 822 (N.D. Ill. 1999) (declining general jurisdiction over individual defendants who, in their affidavit, stated among other things: (i) they had never lived in Illinois; (ii) they have never done business in Illinois; (iii) they had never had an office in Illinois; (iv) they had never owned property in Illinois; (v) they had never been liable for taxes in Illinois; and (vi) they had never advertised, held a telephone listing or bank account in Illinois as individuals or for the hotel defendant). *Kipp v. Ski Enter. Corp. of Wisc.*, 783 F.3d 695, 699 (7th Cir. 2015) (holding that maintaining a public website, by itself, is insufficient to establish general jurisdiction).

In this case, according to San Zhang's declaration, the Defendants have no connections to Illinois whatsoever. Specifically, Zhang states that all 19 Temu stores: Solely operate from an address in China; Have never owned, leased, or utilized an office in Illinois; Have never been liable to Illinois tax jurisdiction; Have never advertised in Illinois; Have never held a telephone listing in Illinois; Have never maintained a bank account in Illinois; Have no agents, employees, or contractors in Illinois. Zhang Decl. ¶ 7.

These facts closely parallel those in *Jamik, Inc. v. Days Inn of Mount Laurel*, where the court declined to exercise general jurisdiction over defendants with similar lack of contacts. Furthermore, the mere operation of Temu stores accessible to Illinois residents via the internet is insufficient to establish general jurisdiction under *Kipp v. Ski Enter. Corp. of Wisc.*, which held that maintaining a public website alone cannot establish general jurisdiction.

Since Defendants lack any meaningful contacts with Illinois that would render them "at home" in the state, they are not subject to general jurisdiction in Illinois.

## 2. Defendant is Not Subject to this Court's Specific Personal Jurisdiction.

This Court also does not have specific personal jurisdiction over the Defendant, which generally requires that "(1) the defendant…purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state"; (2) the plaintiff's injury stemmed from the "defendant's forum-related activities"; and (3) the exercise of personal jurisdiction "comport[s] with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 674 (7th Cir. 2012); *Guaranteed Rate, Inc. v. Conn*, 264 F. Supp. 3d 909, 916 (N.D. Ill. 2017). Only after a court determines that a defendant has sufficient "minimum contacts" with the forum State will the Court look to whether subjecting the defendant to the court's personal jurisdiction nevertheless "offends traditional notions of fair play and substantial justice." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 496 (7th Cir. 2014), citing, Int'l Shoe, 326 U.S. at 316 (internal quotes omitted).

*Rubik's Brand, Ltd. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (J. Tharp, Jr.) ("[D]isplaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois."); *Cf., Illinois v. Hemi Group*, 622 F.3d 754, 758 (7th Cir. 2010) (holding personal jurisdiction over the defendant justified where, in addition to the defendant operating an interactive website, the defendant sold 300 packs of heavily regulated cigarettes to an Illinois resident and demonstrated its ability to exclude sales to certain states other than Illinois) *Cf., Mobile Anesthesiologists Chicago*, 623 F.3d at 446 ("A defendant's deliberate and continuous exploitation of the market in a forum state, accomplished through its website as well as through other contacts with the state, can be sufficient to establish specific personal jurisdiction.") (emphasis added). *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (evidence that 20 Illinois residents had opened accounts on the defendant's interactive website inadequate to

support personal jurisdiction); *General Tools & Instruments LLC v. The P'Ships, et al.*, No. 20-cv-1036 Dkt. 167 p. 6 (N.D. Ill. May 17, 2021) (J. Alonso) (vacating default judgment, noting "Defendants put forth evidence that they never advertised or marketed products to Illinois customers and never shipped infringing products to Illinois.).

### a. Defendants Have Not Purposefully Directed Their Allegedly-infringing Activities at Illinois or Thereby Purposefully Availed Itself of the Privilege of Conducting Business in Illinois.

In *be2 LLC*, 642 F.3d at 559., Defendant did not sell or ship a single product to Illinois and the fact that an "Illinoisian might someday find [Defendant's] website and decide to purchase a [product] from the site simply does not suffice to vest the Court with personal jurisdiction over [defendant]." *Rubik's Brand, Ltd.*, 2021 WL 825668 at *4. With zero actual sales to any residents of the state of Illinois, Plaintiff has failed to articulate how the Defendant has purposefully availed themself to the jurisdiction of the state of Illinois.

The Defendants never targeted Illinois consumers specifically. Zhang Decl. ¶ 7. They merely operated stores on the Temu platform, which is accessible nationwide.

Most critically, the Defendants have provided evidence that they sold 0 items of the allegedly infringing products and no products were shipped to Illinois. Zhang Decl. ¶ 8. This was independently verified by attorney Quancheng Cheng. Cheng Decl. ¶¶ 4-5., also *see* Exhibit A.

As established in *Rubik's Brand, Ltd. v. P'ships & Unincorporated Assocs.*, "displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois," which is insufficient for specific jurisdiction. Unlike in *Hemi Group*, where the defendant sold 300 packs of cigarettes to Illinois residents, Defendants here made no sales to Illinois.

There is no evidence that Defendants engaged in "deliberate and continuous exploitation of the market" in Illinois through their website or other contacts, as required by *Mobile Anesthesiologists Chicago*.

Similar to *General Tools & Instruments LLC*, where the court vacated a default judgment, Defendants here have presented evidence that they never advertised or marketed products to Illinois customers and never sold infringing products to Illinois.

### b. Plaintiff's alleged injury does not arise out of the defendants' activities in Illinois.

Plaintiff does not substantively allege that the Defendant acted at or in Illinois, and similarly cannot show that any damage Plaintiff may have endured was derived from the Defendant's acts in Illinois. A court's specific personal jurisdiction is evaluated by reference to the particular conduct underlying the claims made in the lawsuit. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 494 (7th Cir. 2014), citing Tamburo; See *Shrum v. Big Lots Stores, Inc.*, 2014 WL 6888446, at *4 (C.D. Ill. Dec. 8, 2014) (Only a defendant's contacts which "bear on the substantive legal dispute between the parties or relate to the operative facts of the case" are relevant, and none exist in the present case).

Defendants sold 0 items of the allegedly infringing products and made no sales to Illinois residents (Zhang Decl. ¶ 8; Cheng Decl. ¶ 5). Defendants' mere listing of test products on Temu without any Illinois-specific targeting cannot create the necessary connection to the forum state. As established in *N. Grain Mktg.* and *Shrum*, only contacts relevant to the substantive dispute matter for jurisdiction - simply having a globally accessible website without Illinois-specific actions is insufficient. Without any sales to Illinois or specific targeting of Illinois consumers,

Plaintiff's alleged injury cannot be said to arise from any Illinois-directed activities by Defendants, making specific jurisdiction inappropriate.

### c. This Court's exercise of personal jurisdiction over the Defendants does not comport with fair play and substantial justice.

In addition to failing to show that the Defendants purposefully directed their activities at Illinois or purposefully availed themselves of the privilege of doing business in Illinois, or that Plaintiff's "injuries" arose from Defendant's contacts within Illinois, Plaintiff cannot show how subjecting the Defendants to this Court's personal jurisdiction comports with fair play and substantial justice. In making this determination, the Court will consider: (i) the burden of a defendant having to litigate in the forum; (ii) the interests of the forum; (iii) the plaintiff's interest in obtaining relief; (iv) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (v) the shared interest of the several states in furthering fundamental substantive social policies. *Lexington Ins. Co. v. Zurich Ins. (Taiwan) Ltd.*, 2017 WL 6550480, at *7 (W.D. Wisc. Dec. 21, 2017). While none of these factors is dispositive, the most important factors to consider are: (i) the interests of the states involved and (ii) the relative convenience of litigating in that forum. *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano City*, 480 U.S. 102, 113 (1987). This "analysis does not provide crisp, bright lines for district courts and litigants," but generally the relationship among the defendant, the forum, and the litigation should be close enough to not offend due process. *uBID, Inc. v. GoDaddy Grp. Inc.*, 623 F.3d 421, 433 (7th Cir. 2010).

In this case, the burden on Defendants, a small Chinese company with no U.S. presence, to litigate in Illinois would be extraordinarily high. This international litigation represents a significant financial and logistical hardship. Illinois has minimal interest in this dispute since no

sales occurred in Illinois, no Illinois consumers were affected, and Defendants have no presence in the state. States share an interest in providing due process and not overextending jurisdiction to foreign entities with no meaningful forum contacts. As emphasized in *Asahi Metal*, the interests of the states involved and relative convenience of the forum are paramount. Here, Illinois has minimal interest in a dispute involving a Chinese company that made no sales to Illinois residents. The relationship among Defendants, Illinois, and this litigation is too attenuated to satisfy due process requirements as outlined in *uBID, Inc. v. GoDaddy*.

## C. **The Default Judgment Must be Set Aside Under Seventh Circuit Precedent and Rule 60(b)**

### 1. **A judgment is void and must be vacated if the court lacked personal jurisdiction**

The Court may vacate a default judgment where the judgment is void. Fed. R. Civ. P. 60(b)(4). *Bally Exp. Corp. v. Balicar Ltd.*, 1985 WL 2006, at *1 (N.D. Ill. July 3, 1985). While the grant of relief under Rule 60(b) is generally an extraordinary remedy, where a judgment is void, the Court has a non-discretionary duty to grant relief therefrom, irrespective of any delay on the part of the defendant. *Id.*, *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857 (7th Cir. 2011), citing *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 808 (7th Cir. 1969). A judgment is void and must be vacated if the court lacked personal jurisdiction over the defendants. *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010).

Unlike other grounds for relief under Rule 60(b), the Seventh Circuit has consistently held that relief from a void judgment is not subject to time limitations. Even if Defendants delayed in seeking relief, this does not affect their right to have a void judgment vacated.

Given that Defendants have presented substantial evidence demonstrating the Court's lack of personal jurisdiction—including the absence of any sales to Illinois, lack of Illinois-specific targeting, and no physical presence in Illinois—the default judgment entered against them is void under Rule 60(b)(4) and must be vacated as a matter of law, not discretion.

## 2. The Court Shall Vacate an Entry of default because the Defendants Have Good cause, Quick action, and Meritorious defense.

"A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (internal quotation marks and citation omitted).

Defendants have demonstrated good cause for their default. As explained in the Declaration, Defendants operate a business model where they "list a product and link first to test whether someone will order" and only stock products if orders are placed. Zhang Decl. ¶ 4. Because no orders were placed for the allegedly infringing products, Defendants "didn't manage this product and link, and we missed the Plaintiff's email of service." Zhang Decl. ¶ 4. This oversight was not willful but resulted from their particular business model and the lack of attention to inactive product listings that generated no sales, constituting good cause for their initial failure to respond.

Upon discovering the lawsuit on May 20, 2025, Defendants "immediately hired a lawyer to handle this matter." Zhang Decl. ¶ 5. They promptly attempted settlement negotiations with Plaintiff's counsel and arranged for independent verification of their sales records with attorney Quancheng Cheng on June 12, 2025. Cheng Decl. ¶ 3. Given the international nature of the case and the need to secure U.S. counsel, their response time demonstrates the quick action required

11

under the *Cracco* standard. In *Antsy Labs*, 2022 WL 4325291, at *2 (finding under four-week delay was "quick action"). Defendants in this case delayed within four-week were "quick action".

Defendants have presented several meritorious defenses, including lack of personal jurisdiction, evidence of zero sales of allegedly infringing products (Zhang Decl. ¶ 8; Cheng Decl. ¶ 5), absence of willful infringement as they were merely testing product listings without actual sales (Zhang Decl. ¶ 4), and the resulting lack of damages to Plaintiff. These substantial and meritorious defenses strongly support vacating the default judgment.

### D. The Case Shall be Dismissed for Lack of Personal Jurisdiction

*Rubiks Brand* (granting motion to dismiss for lack of personal jurisdiction, noting "That an Illinoisan might someday find Yoyoly's website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over Yoyoly"); *MSM Design & Eng'g LLC v. P'ships & Unincorporated Assocs. Identified in Schedule "A"*, 2021 WL 3187706, at *3 (N.D. Ill. July 28, 2021) (J. Kness); *Conti-Bros, Inc. v. The P'Ships*, et al., No. 21-cv-02352 Dkt. 51 (N.D. Ill. Aug. 13, 2021) (J. Feinerman); see also, *Ouyenic Ltd. v. ALUCKY et al.*, No. 20-cv-03490 Dkt. 134 (N.D. Ill. May 14, 2021) (J. Gettleman) (vacating default judgment and dismissing defendants whose single sale into Illinois was to Plaintiff's investigator).

Here, Defendants have an even stronger case for dismissal as they have provided verified evidence of 0 sales of the allegedly infringing products (Zhang Decl. ¶ 8; Cheng Decl. ¶ 5), no targeting of Illinois specifically, and no physical presence in the state. With no minimum contacts establishing either general or specific jurisdiction, and considering that exercising jurisdiction would not comport with fair play and substantial justice, this case should be dismissed for lack of personal jurisdiction.

### III. CONCLUSION

Defendants have demonstrated that the entry of default judgment should be vacated. Plaintiff will not suffer prejudice by vacating the default as Defendants sold zero units of the allegedly infringing products. Defendants' delay was not willful but resulted from their late discovery of the lawsuit in late May 2025 and the limited time they had to secure counsel and respond. They have presented meritorious defenses, including lack of personal jurisdiction and absence of infringing sales. Accordingly, in accordance with the Seventh Circuit's policy favoring trial on the merits over default judgments, this Court should vacate the default and dismiss this case for lack of personal jurisdiction. Alternatively, if dismissal is not granted, Defendants should be allowed to substantively respond to the Complaint.

WHEREFORE, Defendants respectfully request this Court GRANT the Motion to set aside the default judgment and dismiss this case.

Date:      06/13/2025

Respectfully submitted,

By: /s/ *Ruixin Lu*      .
Ruixin Lu, Esq.
Bar No. 5282058
ray@zhhlaw.com
Zhonghao Law Firm, LLP
260 Madison Avenue, 8th Fl,
New York, NY 10016
Telephone: (631) 268-5788
Facsimile: (919)398-8696

Attorney for Defendants No. 48, 50, 51, 52, 53, 54, 55, 97, 106, 110, 117, 119, 138, 139, 151, 159, 163, 193, 197

## CERTIFICATE OF SERVICE

The undersigned hereby certify that a true and correct copy of the above and foregoing document was electronically filed on June 13, 2025 with the Clerk of the Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

/s/ *Ruixin Lu*
Ruixin Lu