**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-cv-23468-GAYLES**

**ALISON FRIEND,**

**Plaintiff,**

**v.**

**THE PARTNERSHIPS,**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A,**

**Defendants.**
______________________________________/

# CONSENT JUDGMENT

**THIS CAUSE** comes before the Court on Agreed Motion for Entry of Consent Judgment ("Motion"). [ECF No. 101]. Plaintiff Alison Friend ("Plaintiff") commenced this action against Defendant Fu Zhou Hai Yi Tong E-commerce Co., Ltd., d/b/a the Defendant Internet Stores ("Defendant") (together, the "Parties"), identified on Amended Schedule A to the Amended Complaint, [ECF No. 78].

**THE COURT HEREBY FINDS** that it has personal jurisdiction over Defendant since the United States District Court for the Northern District of Illinois held that Defendant "consented to personal jurisdiction" in Florida, [ECF No. 59], and directly targeted its business activities towards consumers in the United States, including Florida. Specifically, Defendant has targeted sales to Florida residents by setting up and operating at least one e-commerce store that targets United States consumers using one or more seller aliases, offering goods for sale and shipping to the United States, including Florida, accepting payment in U.S. dollars, and using unauthorized copies of the Alison Friend Works listed in Exhibit 1 to the Amended Complaint, [ECF No. 77–1], in connection with those sales.

**THE COURT FURTHER FINDS** that Defendant is liable for copyright infringement (17 U.S.C. §§ 106 and 501, *et seq*.). **IT IS HEREBY ORDERED** that:

1. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be **PERMANENTLY ENJOINED** and **RESTRAINED** from:

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Alison Friend Works in any manner without the express authorization of Plaintiff;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Alison Friend product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Alison Friend Works;

   c. committing any acts calculated to cause consumers to believe that Defendant's Infringing Alison Friend Works are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the Alison Friend Works and damaging Plaintiff's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, or any

reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Alison Friend Works.

2. Pursuant to the Parties' settlement agreement, Defendant shall pay Plaintiff Fourteen Thousand Two Hundred Fifty dollars (**$14,250**) in damages ("Damage Amount").

3. Whaleco, Inc. d/b/a Temu ("Temu") is ordered to transfer the Damage Amount from Defendant's accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction. Plaintiff is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction, and shall be entitled to reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendant's failure to comply, in any way, with its obligations set forth herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of November, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**